UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GRILLO'S PICKLES, INC., | : | |
|  | : | **Civil Action No. 23-11-MCA-AME** |
| Plaintiff, | : | |
|  | : | |
| v. | : | **OPINION and ORDER** |
|  | : | |
| PATRIOT PICKLE, INC. et al., | : | |
|  | : | |
| Defendants. | : | |

**ARLEO**, District Judge

    This matter comes before the Court upon the application for an order to show cause for a preliminary injunction, filed by Plaintiff Grillo's Pickles, Inc. ("Plaintiff") [ECF 4]. The Court has reviewed the application and, for the following reasons, denies the request to proceed by order to show cause.

    Briefly, this action arises out of allegedly false and misleading statements made on food products manufactured, packaged, labeled, and/or sold by Defendants Patriot Pickle, Inc., ARKK Food Company, and Wahlburgers I, LLC (collectively "Defendants"). Specifically, Plaintiff, a company which produces and sells pickles that do not contain artificial preservatives, alleges Defendants' packaged pickle products falsely state their products are "all natural" and contain "no preservatives." Plaintiff claims Defendants' practices mislead customers and unfairly harm Plaintiff's business. On January 3, 2023, Plaintiff filed a two-count Complaint asserting false advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a), and common law unfair competition.

1

On the same date, Plaintiff filed the application presently before the Court, seeking an order to show cause for a preliminary injunction. The proposed order directs Defendants to demonstrate why they should not be (1) enjoined from making certain statements on their product labels and (2) ordered to disclose on their product labels the name of a preservative the products allegedly contain. The application also requests that the Court authorize expedited, limited discovery targeted at issues pertaining to the preliminary injunction sought by Plaintiff. It appears the application for an order to show cause was filed *ex parte* and prior to effecting service of process on Defendants.

The Court has reviewed the papers in connection with the application for an order to show cause and concludes that Plaintiff has not demonstrated, as required by Local Civil Rule 65.1, that its request for a preliminary injunction should proceed in an expedited manner. District of New Jersey Local Civil Rule 65.1 states that "[n]o order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit, other document complying with 28 U.S.C. § 1746 or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." Plaintiff's Complaint and application for an order to show cause fail to meet that standard.

To be sure, the Complaint and application for an order to show cause assert Defendants' allegedly false statements unfairly deprive Plaintiff of sales and market share on its competing products. Those pleadings also assert that Defendants damage Plaintiff's goodwill by misleading customers who confuse the products and who would, absent the statements that Defendants' product is preservative-free, choose to purchase Plaintiff's product. However, despite these allegations concerning allegedly irreparable harm to its business, Plaintiff fails to make a clear

and specific demonstration that its request for a preliminary injunction, as described above, is a matter which requires the Court to proceed outside of ordinary motion practice. The application for an order to show cause will therefore be denied.

Notwithstanding Plaintiff's failure to show that expedited relief is warranted under the local rules, the Court will deem Plaintiff's application as a motion for preliminary injunction. As it appears from the docket that each of the three named Defendants have now been served with a Summons and copy of the Complaint, the Court will set a briefing schedule for the preliminary injunction motion. Moreover, to the extent the application seeks expedited discovery, the Court will refer the discovery request to Magistrate Judge Espinosa for consideration in due course.

Accordingly,

**IT IS** on this 24th day of January 2023,

**ORDERED** that, pursuant to Local Civil Rule 65.1, Plaintiff's application to proceed by order to show cause [ECF 4] is denied; and it is further

**ORDERED** that Plaintiff's filing at ECF 4 shall be deemed a Motion for Preliminary Injunction and accordingly placed on the active motion calendar, pursuant to Local Civil Rule 7.1; and it is further

**ORDERED** that, within three days of this Order, Plaintiff shall serve all papers filed in connection with the motion for preliminary injunction at ECF 4 and a copy of this Order on each Defendant by overnight delivery service; and it is further

**ORDERED** that Defendant shall file opposition to the Motion for Preliminary Injunction on or before **February 7, 2023**; and it is further

**ORDERED** that Plaintiff's reply in further support of its motion shall be filed on or before **February 14, 2023**; and it is further

**ORDERED** that Plaintiff's motion shall be decided on the papers unless the Court notifies the parties that oral argument will be held.

      /s/ Madeline Cox Arleo
MADELINE COX ARLEO
United States District Judge