# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

GRILLO'S PICKLES, INC.,

    Plaintiff,

    v.

PATRIOT PICKLE INC., ARKK
FOOD COMPANY, and
WAHLBURGERS I, LLC,

    Defendants.

Case No: 2:23-cv-00011-AME-MCA

---

**DEFENDANT PATRIOT PICKLE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Jennifer L. Del Medico
Harold K. Gordon (*pro hac vice*)
Christopher S. Dinkel
(*pro hac vice* forthcoming)
Melanie K. Chan
(*pro hac vice* forthcoming)
**JONES DAY**
250 Vesey Street
New York, NY 10281.1047
Tel: (212) 326-3939
jdelmedico@jonesday.com
hgordon@jonesday.com
cdinkel@jonesday.com
mchan@jonesday.com

*Attorneys for Defendant Patriot
Pickle, Incorporated*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................1

BACKGROUND ....................................................................................4

STANDARD OF REVIEW ......................................................................6

ARGUMENT .........................................................................................8

I.     Grillo's Request for Injunctive Relief is Moot...............................9

II.    Grillo's Lacks Article III Standing to Pursue Its Damages Claims ............11

III.   Grillo's Has Failed to State A Claim under the Lanham Act Upon Which Relief Can Be Granted ......................................14

IV.    The Court Should Dismiss Grillo's Common Law Claim or Decline to Exercise Supplemental Jurisdiction............................19

CONCLUSION ......................................................................................20

# TABLE OF AUTHORITIES

**Page**

CASES

ALPO Petfoods, Inc. v. Ralston Purina Co.,
 913 F.2d 958 (D.C. Cir. 1990) ........................................................................15

Already, LLC v. Nike, Inc.,
 568 U.S. 85 (2013) ............................................................................................9

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ..........................................................................................7

Azurity Pharms., Inc. v. Edge Pharma, LLC,
 45 F.4th 479 (1st Cir. 2022) ...........................................................................15

B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.,
 258 F.3d 578 (7th Cir. 2001) ..........................................................................14

Ballentine v. United States,
 486 F.3d 806 (3d Cir. 2007) .............................................................................6

BASF Corp. v. Old World Trading Co.,
 41 F.3d 1081 (7th Cir. 1994) ..........................................................................17

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) ...............................................................................3, 8, 16

Bracco Diagnostics, Inc. v. Amersham Health, Inc.,
 627 F. Supp. 2d 384 (D.N.J. 2009) ...................................................2, 15, 16, 17

Brunswick v. Spinit Reel,
 832 F.2d 513 (10th Cir. 1987) ........................................................................18

Buetow v. A.L.S. Enters., Inc.,
 650 F.3d 1178 (8th Cir. 2011) ........................................................................15

Castrol Inc. v. Pennzoil Co.,
 987 F.2d 939 (3d Cir. 1993) ...........................................................................17

Chafin v. Chafin,
 568 U.S. 165 (2013) ..........................................................................................9

Crabtree v. Experian Info. Sols., Inc.,
 948 F.3d 872 (7th Cir. 2020) ..........................................................................12

Davis v. Wells Fargo,
 824 F.3d 333 (3d Cir. 2016) .........................................................................6, 7

*EFCO Corp. v. Symons Corp.*,
219 F.3d 734 (8th Cir. 2000) ........................................................................18

*Gayle v. Warden Monmouth Cty. Corr. Inst.*,
838 F.3d 297 (3d Cir. 2016) ...........................................................................9

*Grubbs v. Sheakley Grp., Inc.*,
807 F.3d 785 (6th Cir. 2015) .........................................................................15

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*,
910 F.3d 1186 (11th Cir. 2018) .....................................................................15

*Highmark, Inc. v. UPMC Health Plan, Inc.*,
276 F.3d 160 (3d Cir. 2001) ..........................................................................15

*Hot Wax, Inc. v. Turtle Wax, Inc.*,
191 F.3d 813 (7th Cir. 1999) .........................................................................15

*Hudson v. Robinson*,
678 F.2d 462 (3d Cir. 1982) ..........................................................................10

*In re Plum Baby Food Litigation*,
No. 1:21-cv-02417-NLH-SAK, 2022 WL 16552786 (D.N.J. 2022)...............6, 7

*Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*,
673 F.2d 700 (3d Cir. 1982) ............................................................................6

*Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman*,
237 F.3d 186 (3d Cir. 2001) ............................................................................9

*Lewis v. Cont'l Bank Corp.*,
494 U.S. 472 (1990)........................................................................................9

*Liberson v. Johnson & Johnson Consumer Cos.*,
865 F. Supp. 2d 529 (D.N.J. 2011)................................................................12

*Little v. KPMG LLP*,
575 F.3d 533 (5th Cir. 2009) ...................................................................13, 14

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992).........................................................................................2

*Malleus v. George*,
641 F.3d 560 (3d Cir. 2011) ...............................................................8, 13, 16

*Money v. Bristol-Myers Squibb Co.*,
No. 3:07-cv-1100, 2009 WL 5216987 (D.N.J. 2009)......................................13

*Mortensen v. First Fed. Sav. and Loan Ass'n*,
549 F.2d 884 (3d Cir. 1977) ............................................................................7

*N.J. Physicians United Reciprocal Exch. v. Arthur Gallagher & Co.*,
  No. 18-04410, 2018 WL 3054686 (D.N.J. 2018)................................10

*Newborn Bros. Co. v. Albion Eng'g Co.*,
  481 F. Supp. 3d 312 (D.N.J. 2020)................................................3, 16

*Parks LLC v. Tyson Foods, Inc.*,
  863 F.3d 220 (3d Cir. 2017) ............................................................19

*Providence Pediatric Med. Daycare Inc. v. Alaigh*,
  672 Fed. Appx. 172 (3d Cir. 2016)................................................1, 9

*Raines v. Byrd*,
  521 U.S. 811 (1997)..........................................................................11

*S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*,
  181 F.3d 410 (3d Cir. 1999) ...............................................................8

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016).......................................................................2, 12

*TrafficSchool.com, Inc. v. Edriver Inc.*,
  653 F.3d 820 (9th Cir. 2011) ............................................................15

*TransUnion LLC. v. Ramirez*,
  141 S. Ct. 2190 (2012)...................................................................2, 12

*Verisign, Inc. v. XYZ.COM LLC*,
  848 F.3d 292 (4th Cir. 2017) ............................................................15

*Vincent v. Utah Plastic Surgery Soc.*,
  621 Fed. Appx. 546 (10th Cir. 2015)................................................16

*World Wide Ass'n of Specialty Programs v. Pure, Inc.*,
  450 F.3d 1132 (10th Cir. 2006) ........................................................16

**STATUTES**

15 U.S.C. § 1125(a) ...............................................................passim
28 U.S.C. § 1367(c)(3)....................................................................20

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1)..........................................................1, 6, 7, 11
Fed. R. Civ. P. 12(b)(6).............................................................1, 7, 8

**INTRODUCTION**

Plaintiff Grillo's Pickles, Inc. brought this action after it tested expired containers of Wahlburgers' pickles for artificial preservatives and found detectable levels of an artificial preservative called sodium benzoate.  Grillo's alleges that this violates the Lanham Act prohibition on false advertising and thus seeks injunctive relief and monetary damages from Defendants Patriot Pickle Inc., ARKK Food Company, and Wahlburgers I, LLC.  But Grillo's lacks standing—both for mootness and lack of a concrete injury—and fails to state a cognizable claim for false advertising under the Lanham Act or New Jersey common law.  As a result, this case should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

First, Grillo's claims for injunctive relief are moot.  Within 48-hours of learning of the complaint, Patriot Pickle identified the source of sodium benzoate in its manufacturing process and changed the process to eliminate the risk of future occurrences.[1]  This is precisely the relief that Grillo's requested through an injunction.  Compl. 24 (Prayer for Relief).  Thus, Grillo's has already "received the very relief [it] sought[,]" and its claims for injunctive relief are moot.  *Providence Pediatric Med. Daycare Inc. v. Alaigh*, 672 Fed. Appx. 172, 175 (3d Cir. 2016).

---

[1] The manufacturing process issue did not impact all pickles manufactured by Patriot Pickle.

Second, Grillo's complaint must be dismissed for lack of standing because Grillo's has not alleged that it suffered a concrete injury traceable to Patriot's actions. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (quotation marks omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Thus, even though Grillo's alleges that Patriot violated the Lanham Act's prohibition on false advertising, Grillo's lacks standing unless it plausibly alleges that it was injured by Patriot's alleged violation. Grillo's has not done so, and "[a]n uninjured plaintiff who sues in those circumstances is, by definition, not seeking to remedy any harm to herself but instead is merely seeking to ensure a defendant's 'compliance with regulatory law' (and, of course, to obtain some money via the statutory damages)." *TransUnion LLC. v. Ramirez*, 141 S. Ct. 2190, 2206 (2012) (quoting *Spokeo*, 578 U.S. at 345 (Thomas, J., concurring)). Thus, Grillo's lacks the requisite concrete injury-in-fact to sue Patriot for damages.

Third, Grillo's has not pled facts to support the injury prong of a Lanham Act false advertising claim and thus has failed to state a claim upon which relief can be granted. To state a claim for damages for false advertising under the Lanham Act, Grillo's must plead "actual damages rather than a mere tendency to be damaged." *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 480 (D.N.J. 2009). But Grillo's has not done so. Instead, Grillo's relies on

conclusory statements of harm and a series of presumptions that apply only to claims for injunctive relief.  Because it has relied on nothing "more than labels and conclusions[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and has not pled facts that "link [Patriot's] alleged deception with actual harm to [Grillo's] business[,]" *Newborn Bros. Co. v. Albion Eng'g Co.*, 481 F. Supp. 3d 312, 344 (D.N.J. 2020), Grillo's has failed to state a claim for false advertising under the Lanham Act.

Finally, because Grillo's common law unfair competition claim rises and falls with Grillo's federal claim, it should be dismissed for the same reasons that Grillo's Lanham Act claim fails.  In the alternative, the Court should decline to exercise supplemental jurisdiction over the state law claim once it has dismissed Grillo's federal claim.

Accordingly, the Court should deny Grillo's motion for a preliminary injunction and dismiss its claim for injunctive relief as moot.  The Court should also dismiss Grillo's damages claims for lack of standing.  In the alternative, the Court should dismiss Grillo's damages claims for failure to state a claim upon which relief can be granted.  Finally, the Court should dismiss Grillo's state claim for the same reasons or decline to exercise supplemental jurisdiction.

## BACKGROUND

Patriot Pickle is an established business-to-business supplier of a wide range of pickled products.  Among other things, Patriot specializes in contract manufacturing, private labeling, and retail, food service, and industrial tote packaging.  Patriot sources cucumbers directly from growers and manufactures several varieties of pickles according to its customers' specifications—including both fresh, all-natural, artificial-preservative-free pickles and standard pickles that contain artificial preservatives.[2]

Since early 2021 Patriot has worked with ARKK Food Company and Wahlburgers, LLC to manufacture and pack three varieties of all-natural pickles under the Wahlburgers brand.  Patriot manufactures and packs pickles in different locations within the plant, and once pickles are ready to be packed, they are transported to the packing lines in totes.  If the pickles are to be packed later that day, they are transported in water, but if the pickles are not to be packed until the next day, the pickles are transported in a transportation brine comprised of water, salt, vinegar, and other natural flavors.  At the packing facility, the pickles are removed from the water or transportation brine and are packed in the customer-specified brine in which they are sold.

---

[2] Unless otherwise noted, all facts recited in this section are drawn from the accompanying Declaration of Patriot Pickle President and CEO Bill McEntee ("McEntee Decl.").

On January 3, 2023, Grillo's Pickles, Inc. sued Patriot, ARKK, and Wahlburgers (collectively "Defendants") for false advertising under the Lanham Act and unfair competition under New Jersey common law.  Compl. ¶¶ 47–60.  In particular, Grillo's alleges that Defendants made false and misleading statements by labeling Wahlburgers' pickles as all-natural, fresh, and artificial-preservative-free when lab tests showed that some containers of Wahlburgers' pickles contained the preservative sodium benzoate.  Compl. ¶¶ 1–3.  Grillo's has requested preliminary and permanent injunctions, damages, disgorgement, and attorneys' fees.  Compl. ¶¶ 57, 60.

Once Patriot received notice of this action on January 3, it began an internal review process to determine the source of the sodium benzoate.  Patriot quickly analyzed its manufacturing and packing processes, identified the transportation brine as the likely source of the sodium benzoate, and took corrective action.  Not all Wahlburgers' pickles were exposed to transportation brine, but those that were contained varying levels of sodium benzoate.[3]  By January 5, Patriot had implemented new procedures, including a more rigorous Tank Cleaning Protocol and an All-Natural Transportation Brine Procedure that includes designated storage totes and tanks to ensure that no fresh pickles are exposed to regular transportation brine anywhere in the process.  Subsequent testing has confirmed that pickles

---

[3] All detected levels of sodium benzoate were well below FDA safety standards.

manufactured and packed under this new procedure are, in fact and as-advertised, sodium-benzoate-free.

## STANDARD OF REVIEW

"Pursuant to Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction." *In re Plum Baby Food Litigation*, No. 1:21-cv-02417-NLH-SAK, 2022 WL 16552786, at *5 (D.N.J. 2022) (slip opinion) (citing Fed. R. Civ. P. 12(b)(1)). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

Patriot has moved to dismiss Grillo's injunctive relief claims as moot under Fed. R. Civ. P. 12(b)(1). Because it relies on facts not included in the complaint, this is a factual attack that challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Where, as here, a motion to dismiss is supported by a declaration of facts, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir.

1982); *see also Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891

(3d Cir. 1977).  Because the court's power to hear the case is at issue, "no

presumptive truthfulness attaches to plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself

the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Patriot has separately moved to dismiss Grillo's damages claims for lack of

standing under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Rule

12(b)(6).  Because Patriot's 12(b)(1) motion challenges the adequacy of the

pleadings, this is a facial attack that "challenges subject matter jurisdiction without

disputing the facts alleged in the complaint, and it requires the court to 'consider

the allegations of the complaint as true.'" *Davis*, 824 F.3d at 346 (quoting

*Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)).  In other words,

the standard of review for a facial attack is essentially the same as the standard

under Rule 12(b)(6).  *In re Plum Baby Food*, 2022 WL 16552786, at *5 (citing *In

re Schering Plough Corp. Intron/Emodar Consumer Class Action*, 678 F.3d 235,

243 (3d Cir. 2012)).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted).

Under Rule 12(b)(6) "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555.  A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, attached exhibits, and matters of judicial notice.  *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).  And a motion to dismiss "should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Twombly*, 550 U.S. at 570). To determine the sufficiency of a complaint, a court must (1) take note of the elements a plaintiff must plead to state a claim; (2) identify allegations that are not entitled to the assumption of truth because they are no more than conclusions; and (3) determine whether well-pleaded factual allegations plausibly give rise to an entitlement for relief.  *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 664, 675, 679 (alterations, quotations, and other citations omitted)).

## ARGUMENT

The Court should dismiss Grillo's complaint for three reasons.  *First*, Grillo's claims for injunctive relief are moot because Patriot has already taken voluntary corrective action to ensure future shipments of Wahlburgers' pickles will be sodium benzoate free, thus giving Grillo's the relief it seeks.  *Second*, Grillo's has not pled facts to show that it suffered a concrete and particularized injury

because the only basis for harm is unfounded speculation about the effects of possible consumer confusion. *Third*, even if standing does exist, Grillo's has failed to state a claim for damages because it has not pled sufficient facts to show that it suffered harm traceable to Wahlburgers' label.

## I.   GRILLO'S REQUEST FOR INJUNCTIVE RELIEF IS MOOT

Courts do not have the power to hear disputes that have become moot. *Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001). A dispute is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). And the cognizable interest requirement exists "through all stages of" litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Accordingly, "if developments occurring during the course of adjudication eliminate [the] plaintiff's personal stake in the outcome . . . , then a federal court must dismiss the case." *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 303 (3d Cir. 2016) (quotations and citation omitted). This is true even if "a dispute was very much alive when suit was filed." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotations and citation omitted).

A claim for injunctive relief is moot where the plaintiff has already "received the very relief [it] sought[.]" *Providence Pediatric Med. Daycare Inc.*,

672 Fed. Appx. at 175.  And "[i]f a defendant has discontinued challenged activities (as this defendant has), the case is moot if there is no reasonable expectation that the wrong will be repeated."  *Hudson v. Robinson*, 678 F.2d 462, 465 (3d Cir. 1982); *see also N.J. Physicians United Reciprocal Exch. v. Arthur Gallagher & Co.*, No. 18-04410, 2018 WL 3054686, at *5 (D.N.J. 2018) (holding that defendant's acknowledgement of the inaccuracy of prior statements and commitment not to make future false or misleading statements had mooted claim for injunctive relief).

Grillo's has already received the benefit of the relief it sought because Patriot Pickle has both discontinued the challenged activities and has taken action to avoid future issues.  Immediately after Patriot Pickle received notice of Grillo's complaint, it undertook a review of its manufacturing process to identify how sodium benzoate ended up in containers of Wahlburgers' pickles.  McEntee Decl. ¶¶ 14-17.  Patriot quickly identified its transportation brine as the most likely source of contamination and has already changed its procedures to guard against future contamination.  McEntee Decl.  ¶¶ 10-12, 15-20.  Subsequent testing has confirmed that this was the source of the sodium benzoate and that Patriot's corrective actions have resolved the issue.  McEntee Decl. ¶ 21.

The challenged conduct is not likely to be repeated.  Patriot has addressed the unintentional manufacturing process issue and would have no reason to revert

to its former processes.  Grillo's suggests that the presence of artificial preservatives would extend the shelf-life of Wahlburgers' pickles and give Wahlburgers a competitive advantage, but this would only be the case if Defendants' were aware of the sodium benzoate contamination and took advantage of it, and there is no proof of that.  Wahlburgers's pickles have a 120-day shelf life. McEntee Decl. ¶ 13.  That is consistent with the shelf life of other all-natural pickled products, whereas unopened, shelf-stable pickles made with artificial preservatives last substantially longer.  Thus, Patriot did not gain any competitive advantage through the inadvertent introduction of an artificial preservative, and it would have no incentive to revert to the manufacturing process that led to the contamination in the first place.

Because Grillo's has already received the relief it sought, and Patriot is not likely to engage in the challenged conduct in the future, Grillo's injunctive relief claims are moot and should be dismissed pursuant to Rule 12(b)(1).

## II. GRILLO'S LACKS ARTICLE III STANDING TO PURSUE ITS DAMAGES CLAIMS

In a claim for damages, a plaintiff must allege actual harm.  Indeed, the Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). "To have Article III standing in federal court, plaintiffs must demonstrate, among

other things, that they suffered a concrete harm.  No concrete harm, no standing." *TransUnion*, 141 S. Ct. at 2200.  In other words, a lawsuit cannot proceed where a "plaintiff has not suffered any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts."  *Id.* at 2206; *see also Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 879 (7th Cir. 2020) (holding that plaintiff lacked standing because he "ha[d] identified no harm of any kind"); *Liberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011) (dismissing for lack of standing claims related to products that the plaintiff had never purchased).  Indeed, "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist."  *Spokeo*, 578 U.S. at 340.

Grillo's allegations do not come close to satisfying the concrete harm requirement.  Grillo's alleged harm relies entirely on the assumption that *any* purchase of a Wahlburger product was "to the detriment of Grillo's sales, allotted shelf space, and market share."  Compl. ¶ 4.  Grillo's asserts that mislabeled Wahlburgers products "harmed Grillo's by virtue of diverted sales, lost shelf space, and lost market share that, but for Defendants' false and misleading statements, Grillo's would have retained and/or earned."  Compl. ¶ 37.  Moreover, it insists that had fresh pickle customers not been misled by Wahlburgers' pickle labels, they "would not have chosen Wahlburgers and *would have chosen* Grillo's instead."  Compl. ¶¶ 44, 45 (emphasis added).  This is insufficient for two reasons.

First, Grillo's repeated incantation of "sales, allotted shelf space, and market share" amounts to nothing "more than conclusions, [that] are not entitled to the assumption of truth." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679). Grillo's must plead facts—not conclusions. And if Grillo's did, in fact, suffer financial harm due to Wahlburgers' presence in the market, it could (and should) have pled facts to that effect. Tellingly, it did not. And this is not a situation in which "[t]he necessary factual allegations to support [Grillo's] claim . . . are within the control of, and therefore subject to concealment by [Patriot]." *Money v. Bristol-Myers Squibb Co.*, No. 3:07-cv-1100, 2009 WL 5216987, at *9 (D.N.J. 2009). Rather, evidence of Grillo's alleged injury—if any such evidence exists—would be entirely within Grillo's control, yet Grillo's has not alleged any direct, concrete harm. Thus, "[t]he conclusory nature of [Grillo's] allegations mandates dismissal" because Grillo's has failed to allege facts to support that it suffered a concrete injury. *Id.*

Second, Grillo's alleged harm is entirely contingent on the purchasing decisions of third parties, and "[a] claim of injury generally is too conjectural or hypothetical to confer standing when the injury's existence depends on the decisions of third parties not before the court." *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). In *Little*, for example, the alleged injury was lost business that the plaintiffs asserted they would have earned had KPMG not been present in the

market.  But the court held this alleged harm to be too speculative because nothing guaranteed that KPMG's clients would have sought other services, that they would have hired any of the plaintiff competitors, or that they would have paid for accounting services at all.  *Id*. at 540–41; *see also B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 258 F.3d 578, 581–82 (7th Cir. 2001) (holding that jewelry store lacked standing to sue competitor for false advertising even though the statements at issue were indisputably false because the plaintiff could not show that consumers would have purchased his merchandise absent defendants' false statements).  Thus, Grillo's bald assertions—that Wahlburgers' customers "*would have chosen* Grillo's instead" or that "Grillo's would have retained and/or earned" the sales, shelf space, and market share—rely too heavily on speculative third-party conduct to constitute a concrete injury.

Accordingly, Grillo's lacks Article III standing to assert its damages claims.

## III. GRILLO'S HAS FAILED TO STATE A CLAIM UNDER THE LANHAM ACT UPON WHICH RELIEF CAN BE GRANTED

Separate from standing, Grillo's has failed to state a claim for relief under the Lanham Act.  Grillo's seeks damages for "declining sales, lost market share, lost customers, and loss of customer good will[,]" Compl. ¶ 56, but it has failed to allege *any* facts to show that it was—as a matter of fact—injured in any of these ways.  Thus, Grillo's has failed to plead facts to support the injury prong of a

damages claim under the Lanham Act.[4]  Under the Lanham Act, "a plaintiff

seeking monetary rather than injunctive relief must show actual damages rather

---

[4]      The Lanham Act provides that "[a]ny person who, on or in connection with
any goods or services, or any container for goods, uses in commerce any word,
term, name, symbol, or device, or any combination thereof, or any false
designation of origin, false or misleading description of fact, or false or misleading
representation of fact, which in commercial advertising or promotion,
misrepresents the nature, characteristics, qualities, or geographic origin of his or
her or another person's goods, services, or commercial activities, shall be liable in
a civil action by any person who believes that he or she is or is likely to be
damaged by such act." 15 U.S.C. § 1125(a)(1)(B).

        To establish a claim for injunctive relief under the Lanham Act, a plaintiff
must establish that "(1) the defendant made false or misleading statements about
the plaintiff's product; (2) there is actual deception or a tendency to deceive a
substantial portion of the intended audience; (3) the deception is material in that it
is likely to influence purchasing decisions; (4) the advertised goods traveled in
interstate commerce; and (5) there is a likelihood of injury to the plaintiff, e.g.,
declining sales and loss of good will." *Highmark, Inc. v. UPMC Health Plan, Inc.*,
276 F.3d 160, 171 (3d Cir. 2001). Courts in the Third Circuit have held that
although a plaintiff need not plead specific damage to warrant injunctive relief,
"courts require a heightened level of proof of injury in order to recover money
damages." *Bracco Diagnostics, Inc.*, 627 F. Supp. 2d at 480.

        Other federal courts of appeals describe the injury prong in terms that more
directly accounts for the distinction between claims for injunctive relief and
damages. *See, e.g.*, *Azurity Pharms., Inc. v. Edge Pharma, LLC*, 45 F.4th 479, 486
(1st Cir. 2022) ("the plaintiff has been or is likely to be injured as a result of the
misrepresentation"); *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186,
1196 (11th Cir. 2018) (same); *Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 298–
99 (4th Cir. 2017) (same); *Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1182 (8th
Cir. 2011) (same); *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 828 (9th
Cir. 2011) (same); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir.
1999) (same); *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 963–64
(D.C. Cir. 1990) (same); *see also Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 798
(6th Cir. 2015) ("there is some causal link between the challenged statements and

than a mere tendency to be damaged." *Bracco Diagnostics*, 627 F. Supp. 2d at 480.  In other words, even though "[a] plaintiff suing to enjoin conduct that violates the Lanham Act need not prove specific damage[,] . . . courts require a heightened level of proof of injury in order to recover money damages." *Id.* (quoting *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1335 (8th Cir. 1997)). Thus, for Grillo's to state a claim for damages, it must "link [Patriot's] alleged deception with actual harm to [Grillo's] business." *Newborn Bros.*, 481 F. Supp. 3d at 344.  And it must do so with "more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555; *see also Vincent v. Utah Plastic Surgery Soc.*, 621 Fed. Appx. 546, 551 (10th Cir. 2015) (granting motion to dismiss where allegations of harm were "wholly conclusory" and "[did] not contain a single factual allegation supporting" plaintiffs' Lanham Act damages claims).

As discussed above, Grillo's allegations of injury are nothing more than canned conclusions that are not entitled to the assumption of truth.  *See Malleus*, 641 F.3d at 563.  Unable to plead direct evidence of harm, Grillo's attempts to invoke a number of presumptions and alternative theories to suggest that the Court should presume that it suffered cognizable harm, but none of these theories hold water.

---

harm to the plaintiff"); *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1140 (10th Cir. 2006) (statements "injure the plaintiff").

First, Grillo's argues that the Court "may grant relief without reference to the advertisement's impact on the buying public" because Wahlburgers' label was "literally and explicitly false[.]"  Compl. ¶ 53 (quoting *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993)).  But this doctrine applies only where a plaintiff seeks injunctive relief, and "case law makes clear that 'literal falsity, without more, is insufficient to support an award of money damages to compensate for marketplace injury.'"  *Bracco Diagnostics*, 627 F. Supp. 2d at 482 (quoting *Balance Dynamics Corp. v. Schmitt Ind.*, 204 F.3d 683, 694–95 (6th Cir. 2000)); *see also BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1085–88 (7th Cir. 1994) (finding literal falsity but requiring further proof of marketplace damages); *Castrol*, 987 F.2d at 941–43 (affirming trial court decision granting injunctive relief but denying monetary damages despite finding of literal falsity).  "[A] mere presumption of actual customer confusion based on a finding of literal falsity" is not enough to create a presumption of harm.  *Bracco Diagnostics*, 627 F. Supp. 2d at 480.  Accordingly, the Court cannot presume that Grillo's was injured simply because consumers were presumptively misled.

Second, Grillo's invokes (indirectly) a presumption of harm by emphasizing that "Grillo's and Wahlburgers pickles are in direct competition" and suggesting that every Wahlburgers' sale resulted in a lost sale for Grillo's.  Compl. ¶¶ 38, 44– 45.  But this has no basis in law or fact.  Although direct competition can give rise

to a rebuttable presumption of *causation* where a plaintiff had separately alleged actual economic losses, direct competition is not enough to create a presumption that the plaintiff did, in fact, suffer such a loss. *See, e.g.*, *Brunswick v. Spinit Reel*, 832 F.2d 513, 525 (10th Cir. 1987) (after finding actual confusion and direct competition between the two parties' products, the court was satisfied that the damages causation nexus was met where all spin-cast reels sales generally dropped 6% because of the recession, but the plaintiff's particular spin-cast reel dropped 16%); *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 740 (8th Cir. 2000) (finding sufficient causation where plaintiff's decline in revenues and defendant's increase in profits were accompanied by evidence that showed plaintiff's lost clients actually sought out defendant's product). In other words, "direct competition" is not enough to establish a presumption that Grillo's lost a sale every time a consumer bought a container of Wahlburgers, even though it would establish causation if Grillo's had adequately pled losses. Thus, Grillo's is not entitled to a presumption of harm.

Finally, Grillo's reputational harm argument—that Grillo's suffered reputational harm due to its "unwanted affiliation with Wahlburgers" and Wahlburgers' alleged misconduct—is fundamentally flawed. Brief ISO Preliminary Injunction, Dkt. No. 4-1, at 29. This reputational harm through brand confusion theory is unavailing, since a false advertising claim cannot be premised

-18-

on weak and unproven allegations of false association.  *See Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 227 (3d Cir. 2017) ("PARK'S FINEST is only misleading in the way that Parks suggests if a consumer makes the connection between PARK'S FINEST and PARKS and has in mind a pre-existing association between PARKS and high quality products.  This is a false association claim and nothing more.").  Nor can Grillo's smuggle a false association claim into its false advertising claim by claiming it was harmed in this way.[5]  *Parks*, 863 F.3d at 226 ("False advertising claims do not require proof of secondary meaning, so litigants may be tempted to frame a false association claim as a false advertising claim, to ease their evidentiary burden.").  Thus, Grillo's has not pled adequate facts to allege reputational harm.

## IV. THE COURT SHOULD DISMISS GRILLO'S COMMON LAW CLAIM OR DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

"The test for unfair competition under New Jersey law is identical to the test for unfair competition under § 1125 of the Lanham Act."  Compl. ¶ 59 (quoting *Canfield Sci. Inc. v. Melanoscan, LLC*, No. 16-4636, 2017 WL 2304644, at *8

---

[5] Nor are Grillo's attempts to smuggle an intellectual property claim into the pleadings availing or relevant.  *See* Compl. ¶¶ 35, 50.  Indeed, Patriot's knowledge of Grillo's recipe says nothing about Defendants' culpability because this detail is utterly irrelevant to Grillo's Lanham Act claim and is little more than an attempt to inject an intellectual property claim through improper innuendo.

(D.N.J. May 25, 2017)).  Accordingly, Grillo's common law unfair competition claim should be dismissed for all of the reasons discussed above.

In the alternative, the Court should decline to exercise supplemental jurisdiction over Grillo's state law claim.  28 U.S.C. § 1367(c)(3) (providing that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction").

## CONCLUSION

The Court should grant Patriot's motion to dismiss and deny Grillo's motion for a preliminary injunction, and grant such other or further relief as it deems just and proper.

Dated:          February 7, 2023          Respectfully submitted,

s/ *Jennifer L. Del Medico*

Jennifer L. Del Medico
Harold K. Gordon (*pro hac vice*)
Christopher S. Dinkel (*pro hac vice* forthcoming)
Melanie K. Chan (*pro hac vice* forthcoming)
**JONES DAY**
250 Vesey Street
New York, NY 10281.1047
Tel: (212) 326-3939

*Attorneys for Defendant Patriot Pickle, Incorporated*