UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRILLO'S PICKLES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PATRIOT PICKLE, INC. et al., <br><br> Defendants. | **Civil Action No. 23-11-MCA-AME** <br><br> **ORDER** |

This matter having come before the Court upon the May 8, 2023 letter by plaintiff Grillo's Pickles, Inc. ("Plaintiff") seeking leave to file a motion to amend the Complaint [ECF 57]; and opposition to the request having been filed by defendant Patriot Pickle, Inc., joined by defendants ARKK Food Company and Wahlburgers I, LLC (collectively "Defendants") [ECF 58]; and

**IT APPEARING** that Plaintiff states its motion for leave to amend would seek to add two Lanham Act claims regarding an allegedly misleading marking and statement on the packaging label of Wahlburgers pickles; and it further

**APPEARING** that Defendants argue Plaintiff's request to file a motion to amend should be denied because the proposed additional Lanham Act claims would be futile; and it further

**APPEARING** that the amendment of pleadings is governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave [to amend] when justice so requires;"[1] and it further

---

[1] Fed. R. Civ. P. 15(a)(2).

1

**APPEARING** that it is also well-established that leave to amend may be denied on various grounds, including the futility of the amended claim, which is assessed according to "the same standard of legal sufficiency as applies under Rule 12(b)(6);"[2] and it further

**APPEARING** that Defendants' Rule 12(b)(6) motion to dismiss the original Complaint is currently pending [ECF 34] and challenges the already-pled Lanham Act claims; and it further

**APPEARING** that proceeding with separate motions, both of which will require an evaluation of the plausibility of Plaintiff's Lanham Act claims, risks creating inefficiencies in the management of the Court's docket; and it further

**APPEARING** that the Court has inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants;"[3] and it further

**APPEARING** that the Court finds that a consolidated challenge to the sufficiency of all claims under a Rule 12(b)(6) standard, in a single motion, would serve judicial economy; and it further

**APPEARING** that the decision to grant or deny leave to amend rests within the discretion of the Court;[4] and it further

**APPEARING** that this is Plaintiff's first request for leave to file an amended pleading; and it further

**APPEARING** that in light of Rule 15(a)'s liberal standard for amending pleadings and in the interest of efficiency, the Court concludes in its discretion that, rather than instruct Plaintiff

---

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[3] *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).
[4] *Foman*, 371 U.S. at 182.

to file a motion for leave to amend, it will direct Plaintiff to file its proposed Amended Complaint, adding the Lanham Act claims described in the letter of May 8, 2023; and it further

**APPEARING** that, however, in granting leave, this Court makes no findings as to the sufficiency of the Amended Complaint under the pleading standard of Federal Rule of Civil Procedure 8(a), as interpreted by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and it further

**APPEARING** that because the filing of the Amended Complaint will render moot Defendants' pending motion to dismiss the Complaint, that motion will be administratively terminated, without prejudice to filing a new motion to dismiss the Amended Complaint;[5] and it further

**APPEARING** that because Defendants' anticipated motion to dismiss the Amended Complaint must address the originally filed claims and two additional causes of action under the Lanham Act, the Court will permit the parties to file an overlength brief in support of and in opposition to the motion; therefore,

**IT IS** on this 23rd day of May 2023,

**ORDERED** that, in accordance with the foregoing findings and instructions, the dispute raised in the letters filed at docket entries 57 and 58 shall be resolved as follows:

1. Plaintiff shall file its Amended Complaint on or before May 31, 2023;
2. Defendants' motion to dismiss the Complaint [ECF 34] shall be administratively terminated as moot; and

---

[5] The Court notes that the brief in support of the motion to dismiss at docket entry 34 also contains Defendants' opposition to Plaintiff's pending motion for a preliminary injunction. The administrative termination will only apply to Defendants' motion under Rule 12(b)(6). Insofar as docket entry 34 pertains to the preliminary injunction motion, it will remain active for the Court's consideration.

3. Defendants shall file their motion to dismiss the Amended Complaint on or before June 21, 2023. Opposition to the motion shall be filed on or before July 7, 2023. A reply, if any, shall be filed on or before July 14, 2023. As to the foregoing submissions, each brief filed may exceed the Local Rule 7.2(b) page limit by up to five pages.

       /s/ *André M. Espinosa*
     ANDRÉ M. ESPINOSA
     United States Magistrate Judge